Case 4:12-cv-00539-A Document 8 Filed 08/24/12 Page 1 of 9 PageID 120

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 2 4 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SADRUDDIN HEMANI, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-539-A |
| | § | |
| AMERICA'S SERVICING COMPANY | § | |
| is acting as Mortgage Servicer | § | |
| for AMERICA'S SERVICING COMPANY | § | |
| NATIONAL ASSOCIATION, AS | § | |
| TRUSTEE FOR CSMC MORTGAGE- | § | |
| BACKED PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2006-4. | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiffs, Sadruddin Hemani and Jehanara Hemani, initiated this action by the filing of their original petition in the County Court at Law No. 2 in Tarrant County, Texas, naming as defendant America's Servicing Company acting as the Mortgage

Servicer for U.S. Bank National Association,[1] as Trustee for CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-4. By notice of removal filed August 2, 2012, defendant removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

In the notice of removal defendant alleged that "[i]n an action for declaratory and/or injunctive relief, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented." Notice of Removal at 5 (internal quotation marks and citation omitted). Defendant further argued that where injunctive relief is sought to stop the foreclosure of property, the value of the property represents the amount in controversy because "absent judicial relief [the plaintiffs] could be divested of all right, title and interest to

---

[1] There is a discrepancy between defendant as named in the state court petition and in the notice of removal and amended notice of removal. The state court petition identifies the defendant as "America's Servicing Company is acting as the Mortgage Servicer for U.S. Bank National Association," while the notice of removal and amended notice of removal identify the defendant as "America's Servicing Company is acting as the Mortgage Servicer for America's Servicing Company National Association." The discrepancy is immaterial to the court's resolution of the jurisdictional issue.

the property." Id. (internal quotation marks and citation omitted). In defendant's view, because plaintiffs seek to enjoin foreclosure of their home, the value of the property constitutes the amount in controversy. Because the Tarrant County Central Appraisal District shows the value of the property at $143,300.00, defendant maintained that the amount in controversy exceeded the required jurisdictional minimum.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on August 6, 2012, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Defendant timely complied with the court's order.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to

3

deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

4

The amount in controversy is measured from the perspective of the plaintiff. In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation." <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983). It is also "the value of the right to be protected or the extent of the injury to be prevented." <u>Id.</u>

### III.

### The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature

of plaintiffs' claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the amended notice of removal defendant argued that because plaintiffs "seek injunctive and declaratory relief to prevent foreclosure and a suit to quiet title," they are calling into question the validity of the deed and right to the property, so that the value of the property constitutes the amount in controversy. Am. Notice of Removal at 5. In support of its contentions regarding the amount in controversy defendant relies in part on Waller v. Professional Insurance Corporation, 296 F.2d 545, 547-48 (5th Cir. 1961), and Nationstar Mortage LLC v. Knox, 351 F. App'x 844 (5th Cir. Aug. 25, 2009). The pertinent portion of Nationstar also relies on Waller. This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011), and defendant has failed to persuade the court otherwise.

Defendant also relies heavily on its assertion that "[i]n suits to quiet title, the value of the land is <u>always</u> the amount in controversy," citing a number of cases that presumably support that proposition. Am. Notice of Removal at 5. Defendant's reliance is misplaced. In the case at bar, plaintiffs admit they executed a note and deed of trust for the purchase of their property. Plaintiffs allege they repeatedly attempted to restructure their loan or enter into a loan modification but were frustrated in these attempts by defendant's inaction. More recently plaintiffs have attempted to refinance the loan through a different mortgage company. Plaintiffs ask that the court enjoin defendant from foreclosing and evicting them "so long as the Plaintiffs make the agreed payments and otherwise comply with their obligations to defendant," or on whatever other conditions the court may impose. Am. Notice of Removal, Ex. B-2, Pls.' Orig. Pet., at 8-9.

Nowhere in the petition do plaintiffs contend they made all of the payments required under the note for the purchase of the property. Although plaintiffs in the prayer for relief use the phrase "quiet title," the language from the petition quoted above makes clear that plaintiffs make no claim to outright ownership

of the property. The court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiffs' attempt to remain on the property as they attempt to reach an agreement with defendant as to their payment obligations.

All of defendant's arguments as to amount in controversy can be summed up as contending that it equals the value of the property. Although defendant has provided the court with documents purporting to show that the market value of the property exceeds $75,000, the authorities cited in the amended notice of removal fail to persuade the court that such constitutes the amount in controversy.

As the court has explained more fully in other cases of a similar nature, determining the amount in controversy in a case where a plaintiff seeks to enjoin foreclosure of real property is not so simple as looking to the value of the property at issue. The proper measure of the amount in controversy is the value to the plaintiff of the requested relief. <u>Garcia</u>, 351 F.3d at 640 n.4. Even if the court were to prohibit further attempts by defendant to foreclose on the property as plaintiffs request, plaintiffs would still be subject to the terms of the note and

deed of trust. Thus, the value of the property itself does not adequately represent the value to plaintiffs of such an order.

To sum up, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Therefore, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

For the reasons given above,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED August 24, 2012.

_____
JOHN McBRYDE
United States District Judge